IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRES SOSA-SAUCEDO, #14887-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv491 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND NOTICE TO PETITIONER

Came on for consideration, the Petitioner's letter Motion to Reopen 28 U.S.C. § 2255 Motion Dismissed Without Prejudice (docket entry #15) and his subsequent Petition for Writ of Mandamus and Request for Decision (docket entry #17), construed as a renewal of his original letter motion. For the reasons stated herein, his motions should be denied.

On October 19, 2009,[1] Petitioner filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C § 2255. After certain mail to Petitioner was returned as undeliverable, the assigned Magistrate Judge issued a Report and Recommendation on January 6, 2010 (docket entry #7), that the motion be dismissed without prejudice for failure to prosecute. No objections having been filed, the Court adopted the Report and Recommendation and entered Final Judgment accordingly on February 5, 2010 (docket entries #9, 10). On April 19, 2010, Petitioner filed a change of address notice and, by Clerk's mail sent April 21, 2010, obtained copies of the orders and the

---

[1] The motion was entered on October 23, 2010. *See* docket entry #1. Petitioner stated that he had placed the motion in the prison mail system with first class postage prepaid on October 19, 2010. Therefore, by the "mailbox rule," his motion was deemed filed on October 19, 2010. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

1

docket showing the dismissal of his case. He then requested a copy of the Report and Recommendation on May 6, 2010 (docket entry #14), which was mailed to him on May 11, 2010. On August 19, 2010 (docket entry #15),[2] Petitioner filed his letter motion to reopen. He did specify that he placed his second motion in the prison mail on January 19, 2011. Therefore, it was effectively filed on that date by the mailbox rule.

In his motions, Petitioner asserts that he had been moved between Bureau of Prisons facilities and those of private contractors under conditions that prevented him from knowing where he would be sent or receiving any forwarded mail. On that basis, he contends that he should not be held responsible for any lack of communication with the Court or a perceived abandonment of his motion.

DISCUSSION AND ANALYSIS

Petitioner does not cite a legal basis for his request to reopen his case. The Fifth Circuit has provided instructions on how to process a motion to reopen habeas corpus proceedings in *Dunn v. Cockrell*, 302 F.3d 491 (5th Cir. 2002) (per curiam), *cert. denied*, 537 U.S. 1181, 123 S. Ct. 1208, 154 L. Ed. 2d 1013 (2003). "Under Federal Rule of Civil Procedure 60(b)(1), a district court may reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect.'" *Id*. at 492. The Fifth Circuit distinguished a motion to reopen a case from a motion to amend or alter a judgment, which would have to be treated as a successive habeas petition. *Id.* n.3. Consequently, the Petitioner's decision to file the present motion as a motion to reopen the case was appropriate. Further, although he delayed over three months from the time he first became aware of the judgment

---

[2] In this instance, Petitioner did not specify the date he mailed his motion. The motion itself is dated August 18, 2010; its envelope is postmarked August 19, 2010. Crediting the date the Court knows it was in the mail, the Court construes it as mailed on August 19, 2010, under the "mailbox rule." *Spotville*, 149 F.3d at 378.

2

in his habeas case, Petitioner's Rule 60(b) motion is timely.

However, in *Dunn*, the Fifth Circuit dealt with a request to reopen by a habeas petitioner whose counsel had negligently failed to file an appeal. Here, Petitioner has not cited any "mistake, inadvertence, surprise, or excusable neglect" as permitted under Rule 60(b)(1) to reopen his habeas case. He simply seeks to be absolved of blame for the lack of communication. To that end, he has a perfectly valid point. Nonetheless, rather than set aside a judgment that was properly entered, his relief should be to exercise the option that a dismissal without prejudice to refiling a claim leaves open to him - refiling his claim. For that reason, Petitioner's motions to reinstate his original petition should be denied.

However, an alternative reason exists for denying his motion for reconsideration. Petitioner was convicted in *United States v. Calderon, et al.*, USDC Case No. 6:07cr98-3, on October 1, 2008, and judgment entered in that case on October 2, 2008 (docket entries #623, 628).[3] *See also* Petitioner's original § 2255 Motion at 1. Petitioner did not appeal from this conviction. *Id*.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to § 2255. In general, a petitioner seeking collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (*per curiam*); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a notice of appeal from the

---

[3] The Court takes judicial notice of its own filings and rulings in this case pursuant to Fed. R. Evid. 201(b).

judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

Here, judgment was entered on October 2, 2008. Notice of appeal was due ten days later. Under the form of Fed. R. Civ. P. 6 that was effective at the time, weekends and holidays were excluded from a computation of less than 11 days.[4] Petitioner did not appeal, so his conviction became final for purposes of § 2255 no later than October 16, 2008. His § 2255 motion therefore had to be filed within a year, by Friday, October 16, 2009. However, even under the mailbox rule, Petitioner did not file his § 2255 motion until October 19, 2009, three days too late. He has not shown that the deadline should have been tolled for any reason. Thus, even if the Court were to grant reconsideration of its dismissal without prejudice, Petitioner's motion would be time-barred.

Petitioner mistakenly contends that the 90 day period of time in which to file a petition for writ of certiorari to the United States Supreme Court, *see* Supreme Court Rule 13, applies in this case. *See* Petition at 1. However, a petition for certiorari is taken from a federal court of appeals or a state court of last resort. *See* Supreme Court Rule 10. Petitioner did not first appeal to the United States Court of Appeals for the Fifth Circuit, or any federal court of appeals, and therefore the additional 90-day period for a petition for certiorari does not apply in his case. *See Plascencia*, 537 F.3d at 388 (90-day period is inapplicable where appeal was not taken to federal court of appeals).

This case is unusual in that the Court previously dismissed Petitioner's § 2255 motion

---

[4] Fed. R. Civ. P. 6 was amended effective 2009 to compute periods of less than 11 days differently, but if this method were used here, the effect would be that Petitioner's habeas petition was even more untimely.

4

without prejudice for failure to prosecute. Now, given further investigation prompted by Petitioner's motion to reopen, the Court is faced with the prospect of converting the dismissal without prejudice into one with prejudice for Petitioner's failure to file his motion within the one year statute of limitations imposed by the AEDPA. In the context of a 28 U.S.C. § 2254 petition for writ of habeas corpus relief from a state court conviction, the Supreme Court has held that before acting on its own initiative to dismiss the § 2254 petition as untimely, a district court must accord the petitioner fair notice and an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). In light of *Day v. McDonough*, the Fifth Circuit has vacated and remanded cases where a district court has dismissed a § 2254 petition as time-barred on its own initiative without giving the petitioner fair notice and the opportunity to respond. *See, e.g.*, *Wyatt v. Thaler*, 2010 WL 3680778, at *1-2 (5th Cir. Sept. 14, 2010) (*per curiam*); *Galindo v. Quarterman*, 331 Fed. Appx. 291, 292 (5th Cir. 2009) (*per curiam*); *Kutzemann v. Quarterman*, 306 Fed. Appx. 205, 206 (5th Cir. 2009) (*per curiam*). This Court will apply the same standard in the case of a § 2255 motion to vacate a federal conviction. The Petitioner is entitled to receive notice and be given an opportunity to respond. It is therefore

**ORDERED** that the Petitioner has fourteen days from the receipt of this order to respond to the issue of whether his motion should be dismissed as time-barred. The Petitioner is placed on notice that the petition may be dismissed as time-barred if he fails to timely comply with this order.

**So ORDERED and SIGNED this 31st day of January, 2011.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

5