IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRES SOSA-SAUCEDO, #14887-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv491 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION AND ORDER
DENYING CERTIFICATE OF APPEALABILITY</u>

Petitioner Andres Sosa-Saucedo filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on October 19, 2009. It was dismissed without prejudice on February 5, 2010, for failure to prosecute when Court mail was returned as undeliverable and Petitioner had not filed a change of address. Over two months later, Petitioner did file a change of address and inquired regarding the status of his case. The Clerk re-mailed the Court's correspondence to him. Petitioner subsequently filed a letter motion requesting that his case be reopened and, then, a "petition for writ of mandamus," seeking an order to the United States Attorney to file an answer to his § 2255 motion. He alleged that he had not failed to respond to the Court's correspondence out of a desire to abandon his case, but that he had been moved between federal correctional facilities and his mail simply had not caught up to him. The Court collectively construed those two documents as a motion to reopen his case and re-examined the § 2255 motion for the purpose of determining whether to do so.

On this re-examination, the Court found that Petitioner had untimely filed his motion outside the one-year statute of limitations applicable to § 2255 cases under the Antiterrorism and Effective

1

Death Penalty Act ("AEDPA"). The Court therefore issued an a Memorandum Opinion and Notice to Petitioner (docket entry #18) on January 31, 2011, providing him notice of the potential time-bar and giving him 14 days from receipt of the Notice to respond. The effect of the time-bar would be to change the nature of Petitioner's dismissal from "without prejudice" to "with prejudice," unless Petitioner raised a valid reason to avoid the time-bar and so reopen his case. No response was received by the Court and, on February 25, 2011, the assigned Magistrate Judge issued a Report and Recommendation finding that the motion had been due no later than October 16, 2009, under the AEDPA, but that Petitioner had placed his § 2255 motion in the prison mail system on October 19, 2009.[1] Therefore, he recommended withdrawing the dismissal without prejudice and entering a new dismissal with prejudice as time-barred. Again, the Court received no objections from Petitioner and, on March 18, 2011, issued an Order adopting the Report and Recommendation and entered Final Judgment (docket entries #22, 23).

The Court finally received objections to the Magistrate Judge's January 31, 2011, Notice on March 25, 2011 (docket entry #24, the "First Objection"), and to the February 25, 2011, Report and Recommendation on March 30, 2011 (docket entry #25, the "Second Objection"). Petitioner purported to have signed and mailed the First Objection on February 18, 2011, and the Second Objection on February 20, 2011. Only the second bore a postmark, which was March 28, 2011, or 36 days after the purported date of mailing. Petitioner's objections also clarified that his original motions to reopen his case were made pursuant to Fed. R. Civ. P. 60(b)(1). However, the Court has already considered whether to reopen Petitioner's § 2255 motion when he so moved after the entry

---

[1] Exceeding the statute of limitations even when considering the "mailbox rule" of *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

2

of dismissal without prejudice for failure to prosecute. The Court will not construe the objections as a new Rule 60(b)(1) motion challenging the time-bar dismissal. First, Petitioner has made it clear that his motion to reopen applied to the first dismissal. Second, the Court would not have jurisdiction to consider such a motion since Petitioner *subsequently* filed a notice of appeal, below. *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984) (a notice of appeal divests district court of jurisdiction to take any action regarding the matter except in aid of the appeal), *vacated*, 760 F.2d 87 (5th Cir. 1985), *rev'd on other grounds*, 784 F.2d 706 (5th Cir. 1986) (en banc).

Shortly after his objections were received and entered by the Clerk, Petitioner filed his notice of appeal to the United States Court of Appeals for the Fifth Circuit (docket entry #26). This Court did not specifically address a Certificate of Appealability ("COA") when it withdrew the dismissal without prejudice of Petitioner's motion and entered instead the dismissal with prejudice. Therefore, the Court will construe Petitioner's notice of appeal as implicitly including a motion for a COA, *see United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997) (per curiam); *see also United States. v Fisher*, 372 Fed. Appx. 526, 528 (5th Cir. 2010) (per curiam), and will address the substance of Petitioner's objections in that context, in aid of the appeal. *Willie*, 746 F.2d at 1046.

I.  **PETITIONER'S OBJECTIONS**

In his objections, Petitioner states that he actually submitted his § 2255 motion for mailing on October 11, 2009, preceding the one-year limitations end date of October 16, 2009.[2] He contends

---

[2] The § 2255 motion clearly demonstrates that Petitioner made an error of law in computing the time he had in which to file his motion before the limitations period expired. At the caption page, he refers twice to the additional 90 days' tolling benefit he believed he was entitled to by the time allowed for a petition for writ of certiorari to the United States Supreme Court. *See* Section 2255 Motion at 1 (". . . as well as the additional time of 90 days as provided by the Supreme Court in these instances . . ."; ". . . within one year and 90 days after this Court's October 1, 2008 sentence was entered."). As the Magistrate Judge pointed out in his Report and

3

that "[o]n January 19, 2011,³ and previous filings with this court Petitioner, proceeding as a Pro Se individual with a minimal education history subsequently made a clerical error in stating that his [§] 2255 [motion] was filed on October 19, 2009." *See* First Objection at 1. He also states that "The clerical matter of the date in the previously filed motions along with the dates of October 10, and 11th of 2009 on his original 2255 Petition adhere to the request to reopen . . . ." *Id*. at 4. However, the dates of October 10 and 11 do not appear anywhere in his § 2255 motion. He repeats this refrain in his Second Objection: "However, in motions that were later filed by Petitioner it was incorrectly stated that the [§] 2255 [motion] was filed on October 19, 2009." Second Objection at 1. Thus, he seeks to cast his objection of "clerical error" as having entered the incorrect date of mailing in his motion papers. However, that is not the true case.

Petitioner's original § 2255 motion bears several hand-written and typed statements explicitly relating that he placed the motion in the prison mail system on October 19, 2009, after the statute of limitations expired. He signed and dated his motion, "Respectfully submitted this the 19 day of October, 2009," in which "19" was hand-written. Sec. 2255 Mot. at 9. He repeated the hand-written "19" day of October, 2009, in his Certificate of Service, *id*., and again immediately after the Certificate of Service. Then, on a separate, typed cover letter addressed to the Clerk of this Court,

---

Recommendation, Petitioner's conviction was final for AEDPA purposes upon the expiration of time for filing a notice of appeal, which is ten days after the entry of the judgment. *See* Fed. R. App. P. 4(b); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Therefore, he did not benefit from any such 90 day period in which to file a petition for writ of certiorari. Such an error can be, and in this case was, fatal to a federal habeas motion.

³ The January 19, 2011, filing to which he refers is his Petition for Writ of Mandamus, docket entry #17, in which he sought an order directing the U.S. Attorney to answer his § 2255 motion. In it, he starts by reciting at p. 1, "On October 19, 2009 Andres Sosa Saucedo the 'Petitioner' in the aforementioned action timely filed 'Petit[i]oner's 28 USCS § 2255 Motion To Vacate, Set-Aside, Or Correct Sentence' ('2255')."

he typed in the date "October 19, 2009," immediately below his letterhead address and above the address for the Clerk. *See* Cover Letter (docket entry #1-2). The envelope attached to the cover letter does not bear a postmark, but is stamped as received by the Clerk on October 23, 2009. There is absolutely nothing to indicate that the motion was placed in the prison mail on any date other than the date it clearly specifies in four locations - October 19, 2009.

Petitioner also claims that he could not physically have mailed the § 2255 motion from the Oakdale, Louisiana, Federal Correctional Center on October 19, 2009, because he was transferred to the Adams County Correctional Center ("ACCC") in Natchez, Mississippi, on October 13, 2009. First Objection at 2. He supports this contention with a photocopy of his ACCC identification card showing the date October 13, 2009. *Id*. at Ex. 1. However, this is not dispositive of the date Petitioner mailed his § 2255 motion.

It is abundantly clear that Petitioner himself did not prepare either his § 2255 motion or his various filings in this Court. He has stated several times that he speaks only Spanish and cannot interpret his own legal documents without assistance. For example:

> For an alien not conversant in the English language, legal documents in whatever form are recondite and forbidding making a Defendant 100% dependent on his legal counsel.

Section 2255 Motion at 6. Further, "The Petitioner as a Pro Se Spanish speaking individual was confused and perplexed . . . " and had to seek assistance to translate and interpret an Order from the Court. Petition for Writ of Mandamus (docket entry #17) at 2. This being the case, clearly Petitioner has had the assistance of one or more other individuals, whether at FCI Oakdale, Louisiana, or at ACCC, Natchez, Mississippi, or both. Much more credible than Petitioner repeatedly making an error of over a week in dating his motion is that the individual assisting him mailed the § 2255

5

motion whether Petitioner was physically at the Oakdale facility or not,[4] an outcome supported by the return address for FCI-Oakdale on the motion's envelope. Alternatively, inasmuch as the envelope containing the § 2255 motion bore no postmark, Petitioner himself could as easily have dated and mailed it from Natchez, Mississippi, on October 19, 2009, as the date on the document indicates. Petitioner simply has not demonstrated that he mailed it any earlier than the evidence on the face of the motion states and the Court would not have ruled otherwise had it received Petitioner's objections before entering Final Judgment.

## II. CERTIFICATE OF APPEALABILITY

Addressing next Petitioner's implied Motion for a COA, the Court will deny it. A habeas corpus petitioner must obtain a certificate of appealability before he can appeal a district court's decision. 28 U.S.C. § 2253(c)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir.), *cert. denied*, 540 U.S. 956, 124 S. Ct. 408, 157 L. Ed. 2d 293 (2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether

---

[4] If this occurred, Petitioner's legal advisor would not have been a prison official for the purposes of the mailbox rule.

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Here, Petitioner filed objections to the Magistrate Judge's original Notice and subsequent Report and Recommendation, albeit after Final Judgment was entered. As discussed above, the objections are without merit and fail to demonstrate that Petitioner timely filed his § 2255 motion. Therefore, he has not shown that the decision dismissing his original § 2255 motion was incorrect.

Petitioner has not shown that jurists of reason would find the assessment that his § 2255 motion was time-barred debatable. Instead, reasonable jurists could not debate the denial on substantive or procedural grounds, *Slack*, 529 U.S. at 484. In conclusion, Petitioner simply has not made a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 327. He is not entitled to a certificate of appealability. It is accordingly

**ORDERED** that the notice of appeal, construed as a motion for a COA (docket entry #26), is **DENIED**. It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 11th day of May, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE